United States District Court
Middle District of Florida
Jacksonville Division

**HAKIM ABDULLAH,**

    *Plaintiff,*

v.   NO. 3:25-cv-617-MMH-PDB

**DEPARTMENT OF VETERANS AFFAIRS
& DIRECTOR JULIANNA BOOR,**

    *Defendants.*

───────────────────────────────

## Report and Recommendation

The plaintiff, proceeding without a lawyer and without the prepayment of fees (i.e., in forma pauperis), Doc. 4, sues the Department of Veterans Affairs (VA) and its director for alleged violations of his Fifth Amendment right to due process and his Seventh Amendment right to a jury trial. Doc. 1.

**I.   Complaint**

The plaintiff alleges these facts:

> On or about May 29, 2025, I the Plaintiff, Hakim Abdullah was Unconstitutionally denied and did not receive my monthly VA Pension Check as scheduled. VA Case No.: 24 542 296. See financial Statement Exhibits [A]
>
> Plaintiff, Hakim Abdullah a totally disabled Veteran did not receive any NOTICE from the VA stating that my Pension Benefit would not get posted prior to the interruption of my monthly deposit. See Exhibit B.
>
> On or about May 30, 2025, the plaintiff logged into the Veterans Administration to obtain letter contained under Exhibit B and was Never Granted Adequate Notice to respond or object in the form of a

>letter or appeal. The letter addresses entitlement to the plaintiff's Veterans Pension benefits and specifically advised about a communication from October 11, 2024 for a request for information related to the plaintiff's Social Security Retirement showing the amount received since May 1, 2010. After they carefully reviewed Information from the Social Security Administration and Evidence within their files made a determination to discontinue the plaintiff's VA pension effective October 1, 2014.

Doc. 1 at 2 (capitalization in original; emphases and numbering omitted).

The plaintiff contends that the defendants violated his Fifth Amendment right to due process and his Seventh Amendment right to a jury trial by failing to provide him notice before discontinuing his benefits.[1] Doc. 1 at 2. He states, "When Veterans request … a hearing[,] procedures grant[] individuals to appeal, object, and or answer to said notice." Doc. 1 at 2–3 (capitalization and emphasis omitted).

The plaintiff asserts that the court has jurisdiction under 28 U.S.C. § 1331,[2] 28 U.S.C. § 2201,[3] and 42 U.S.C. § 1983.[4] Doc. 1 at 1.

In the caption and his description of the parties, the plaintiff states that the director is sued in her "Individual Personal Capacity." Doc. 1 at 1, 2. He later states, "There is no qualified immunity available to the defendants sued in their individual capacities; Federal Employer may be found personally liable

---

[1]"It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

[2]Section 1331 permits a federal district court to exercise jurisdiction over a civil action "arising under" federal law. 28 U.S.C. § 1331.

[3]Section 2201 is part of the Declaratory Judgment Act and permits a federal district court to issue declaratory relief in certain cases. 28 U.S.C. § 2201.

[4]Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of a federal right. 42 U.S.C. § 1983

2

that the action taken violated clearly established Federal Constitutional Laws." Doc. 1 at 3 (emphasis omitted).

The plaintiff includes with the complaint correspondence from the VA, Doc. 1-2 at 2–3; a financial account statement, Doc. 1-2 at 4; law on the Fifth Amendment, Doc. 1-2 at 5; and an appellate brief and appendix that he filed in 2004 with the Court of Appeals for Veterans Claims, Doc. 1-3 at 1–17.

The plaintiff demands $1 billion in damages for "emotional pain, mental anguish, inconveniences, humiliation, loss of time, pride, [and] security"; $1 billion in punitive damages; and a permanent injunction "prohibiting the defendants from reducing [his] Veteran Pension Benefits without a hearing." Doc. 1 at 3 (capitalization omitted).

## II.   Law and Analysis

### A.   *Liberal Construction*

A court must construe a pleading drafted by an unrepresented litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction means that a court must "look beyond the labels used in a[n unrepresented] party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018).

### B.   *Subject-Matter Jurisdiction*

Article III of the Constitution provides that the judicial power "shall extend" to certain "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1.

3

"As a result, federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute" and "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction and to raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Johnson v. United States Cong.*, 151 F.4th 1287, 1291 (11th Cir. 2025) (alteration, internal quotation marks, and quoted authority omitted). "Because jurisdiction is power to declare the law, when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (alteration, internal quotation marks, and quoted authority omitted).

A dismissal for want of jurisdiction is without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

### C.     *In Forma Pauperis*

Under the in forma pauperis statute, "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.     *Veterans' Judicial Review Act*

"Every claimant has the right to written notice of the decision made on his … claim, the right to a hearing, and the right of representation." 38 C.F.R. § 3.103(a). "Proceedings before [the] VA are ex parte in nature, and it is the obligation of [the] VA to assist a claimant in developing the facts pertinent to the claim and to render a decision which grants every benefit that can be supported in law while protecting the interests of the Government." *Id.*

4

Federal law, under what is known as "§ 511" or "§ 511(a)," provides that the VA Secretary "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans[.]" 38 U.S.C. § 511(a). A "benefit" is defined as including "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by [the] VA[.]" 38 C.F.R. § 14.627(e). Unless an exception applies, *see* 38 U.S.C. § 511(b), "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise," *id.* at § 511(a).

For the exceptions, the Veterans' Judicial Review Act creates "an **exclusive scheme** of judicial review for all questions arising from veterans' benefits decisions." *Johnson*, 151 F.4th at 1292 (emphasis added). Under the Act, a veteran may appeal a benefits decision by the Secretary to the Board of Veterans' Appeals, and the Board's decision becomes the Secretary's final decision. 38 U.S.C. § 7104(a); *Johnson*, 151 F.4th at 1292.

From there, a veteran may appeal the Board's decision to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252. The Court of Appeals for Veterans Claims has "**exclusive jurisdiction** to review decisions of the Board" and has the "power to affirm, modify, or reverse a decision of the Board or to remand the matter." *Id.* § 7252(a) (emphasis added). The Court of Appeals for Veterans Claims must "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions" and "hold unlawful and set aside decisions" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "contrary to constitutional right, power, privilege, or immunity"; "in excess of statutory jurisdiction, authority,

5

Case 3:25-cv-00617-MMH-PDB   Document 6   Filed 11/21/25   Page 6 of 16 PageID 59

or limitations, or in violation of a statutory right"; or "without observance of procedure required by law." *Id.* § 7261(a)(1), (3).

From there, a party may appeal a decision by the Court of Appeals for Veterans Claims to the Court of Appeals for the Federal Circuit "with respect to the validity of a decision of the Court[ of Appeals for Veterans Claims] on a rule of law or of any statute or regulation … or any interpretation thereof … that was relied on by the Court[ of Appeals for Veterans Claims] in making the decision." *Id.* § 7292(a). "[T]he Federal Circuit [has] **exclusive** jurisdiction … to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c) (emphasis added). The Federal Circuit may review factual findings or applications of law to fact only to the extent that the appeal presents a constitutional issue. *Id.* § 7292(d)(2). Judgments by the Federal Circuit are final, subject to review by the United States Supreme Court by writ of certiorari. *Id.* § 7292(c).

"[I]n addition to precluding judicial review of any substantive benefits determination by the Secretary, the [Veterans' Judicial Review Act] also precludes judicial review of any decision made by the Secretary in the course of making a benefits determination." *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021) (alterations, emphasis, internal quotation marks, and quoted authority omitted). The Act "thus serves to prevent judicial second-guessing of decisions made by the Secretary in the course of making a benefits determination." *Id.*

"To decide whether the Veterans' Judicial Review Act bars [a] complaint from being filed in the district court," a court asks "only whether Congress'[s] intent to preclude district court jurisdiction is fairly discernible in the statutory scheme." *Johnson*, 151 F.4th at 1293 (alteration, internal quotation marks, and

quoted authority omitted). "[T]he Supreme Court has cautioned that where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear so as to avoid the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Id.* (internal quotation marks and quoted authority omitted). That "heightened standard applies only when a statute purports to deny any judicial forum for a colorable constitutional claim." *Id.* (emphasis, internal quotation marks, and quoted authority omitted). "No heightened standard applies where Congress simply channels judicial review of a constitutional claim to a particular court." *Id.* (internal quotation marks and quoted authority omitted).

The Veterans' Judicial Review Act "does not eliminate judicial review; it instead channels review exclusively to the Court of Appeals for Veterans Claims and then to the Federal Circuit." *Id.*; *see also id.* at 1296 (same). "Congress's intent to exclude district-court jurisdiction is fairly discernible from the Act." *Id.* at 1293 (internal quotation marks and quoted authority omitted).

The Eleventh Circuit recently observed, "[E]ach of our sister circuits that has considered the question agrees that a veteran cannot circumvent the statutory scheme by recasting his benefit decision in constitutional terms." *Id.* The Eleventh Circuit provided these cases as examples:

> *See, e.g., Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("[C]ourts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."); *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) ("Since the enactment of the [Act], federal courts have refused to entertain constitutional claims if they are based on the [Administration's] actions in a particular case."); *Hicks v. Veterans*

7

> *Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992) (concluding that veteran's "claim that unconstitutional retaliatory conduct was the cause of the reduction of his disability rating and benefits is essentially a challenge to the reduction of benefits on a constitutional basis" and that "[a]s a challenge to a decision affecting benefits, it is encompassed by [section] 511 and is not reviewable"); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc) (concluding that the jurisdictional limitation in section 511(a) "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the [Administration] acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases"); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (holding that a district court lacked jurisdiction to consider a litigant's allegations against Administration officials because he sought "review of actions taken in connection with the denial of [his] administrative claim for benefits" and presented "nothing more than a challenge to the underlying benefits decision"); *Blue Water Navy Viet. Veterans Ass'n v. McDonald*, 830 F.3d 570, 574 (D.C. Cir. 2016) (explaining that section 511 bars district court review of a claim "when 'underlying the claim is an allegation that the [Administration] unjustifiably denied ... a veterans' benefit'" (citation omitted)).

*Id.* at 1293–94 (alterations in original); *see also Simpson v. U.S. Veterans Admin.*, No. 22-10636, 2022 WL 17247565, at *2 (11th Cir. Nov. 28, 2022) ("[The plaintiff]'s framing of his claims as constitutional challenges cannot circumvent § 511(a)'s limits on jurisdiction.").[5]

A plaintiff, therefore, must assert any due process or other constitutional claim that arises from a veterans' benefit decision through the judicial review procedures provided in the Veterans' Judicial Review Act. *See Addington v. United States*, 94 Fed. Cl. 779, 783 (2010) ("The exclusive remedy for claims of due process violations lies in the [Court of Appeals for Veterans Claims]."); *see,*

---

[5] Some circuit courts distinguish between as-applied and facial constitutional challenges, concluding that district courts retain jurisdiction over the latter. *Johnson*, 151 F.4th at 1294. The Eleventh Circuit disagrees with that approach and does not draw that distinction. *Id.*

8

*e.g.*, *Wiker v. McDonough*, 36 Vet. App. 119, 126–27 (2023) (ruling that the VA failed to provide the plaintiff proper notice of its decision denying his benefits claim, and, therefore, the decision was not final); *Williams v. Wilkie*, 32 Vet. App. 46, 58–59 (2019) (ruling that actions by the Board of Veterans' Appeals did not violate the plaintiff's due process rights); *Mathis v. Shinseki*, 494 F. App'x 78, 81 (Fed. Cir. 2012) ("While the Seventh Amendment provides the right to a jury trial in civil suits at common law, it is not 'implicated in the VA adjudication process.'" (quoting *Paswell v. Nicholson*, 21 Vet. App. 102 (2006)).[6]

To the extent that the plaintiff challenges a finding or conclusion about his benefits or any decision by the Secretary in the course of making a benefits determination, the Veterans' Judicial Review Act precludes this court from exercising subject-matter jurisdiction over the claim. That the plaintiff couches his claim in constitutional terms matters naught. *See, e.g.*, *Bracken v. United States*, No. 3:19-cv-982-MMH-PDB, 2020 WL 3610810, at *4 (M.D. Fla. July 2, 2020) (dismissing for want of subject-matter jurisdiction a claim for the alleged wrongful recoupment of education benefits from a veteran's spouse; explaining that "the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms" and that a plaintiff may not "hide his true cause of action in order to avoid the prohibitions of [§ 511]" (quoted authority omitted));

---

[6]The plaintiff appears to understand the process for judicial review. He previously followed the Veterans' Judicial Review Act by asserting in an appeal a procedural due process challenge based on the Board of Veterans' Appeals' failure to provide him notice and a hearing before discontinuing his special monthly pension. *See* Doc. 1-3; *Abdullah v. Nicholson*, 19 Vet. App. 510, 2005 WL 1073889, *3 (2005) (vacating and remanding the Board's decision where the record was unclear why the plaintiff was not provided a hearing before terminating his special monthly pension; declining to determine whether he was deprived of procedural due process because the determination encompassed factual findings for the Board to make in the first instance).

9

*Cheves v. Dep't of Veterans Affs.*, 227 F. Supp. 2d 1237, 1245–46 (M.D. Fla. 2002) (dismissing for want of subject-matter jurisdiction a claim that the VA violated due process rights by failing to provide notice and the opportunity to be heard before denying benefits; explaining that "the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms"); *Jelks v. McDonald*, No. 2:16-cv-01639-JHE, 2017 WL 4050314, at *3 (N.D. Ala. Sept. 13, 2017) ("Although [the plaintiff] does not directly seek an award of benefits … and alleges his cause of action is for violation of his civil rights, he cannot evade the conclusion that he essentially seeks review of the determination by the [VA Secretary] that he was not entitled to benefits. Regardless of how [the plaintiff] frames his claims, a district court simply lacks subject-matter jurisdiction to consider a claim challenging a denial of individual benefits."); *Williamson v. Sec'y of Veteran Affs.*, 139 F. Supp. 3d 1282, 1286–87 (N.D. Ala. 2015) ("Here, [the plaintiff] has alleged various administrative and due process claims concerning the VA's processing of his disability claims. … [A]lthough he couches his claims in constitutional language, it is clear that [he] is simply seeking the receipt of benefits. … [B]ecause the essence of [his] demands is clearly for the court to review and reverse determinations of benefits made by the VA, his case is outside of this court's jurisdiction.").

### E.  Bivens

Section 1983, on which the plaintiff relies, *see* Doc. 1 at 1, provides a cause of action against a person acting under the color of law of a "State" or "Territory," 42 U.S.C. § 1983, not under the law of the United States. Accordingly, that statute is inapplicable. Under a liberal construction of the

complaint, the plaintiff is attempting to sue the director in her personal capacity based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In *Bivens*, the Supreme Court "recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment." *Goldey v. Fields*, 606 U.S. 942, 942 (2025). "The Court subsequently recognized two additional contexts where implied *Bivens* causes of action were permitted," *id.*, "first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment," *Egbert v. Boule*, 596 U.S. 482, 490–91 (2022) (internal citation omitted). "Since these cases, the Court has not implied additional causes of action under the Constitution." *Id.* at 491. Rather, since 1980, the Supreme Court has "declined more than 10 times to extend *Bivens* to cover other constitutional violations." *Goldey*, 606 U.S. at 942.

"Now long past the heady days in which [the Supreme] Court assumed common-law powers to create causes of action, [the Court has] come to appreciate more fully the tension between judicially created causes of action and the Constitution's separation of legislative and judicial power[.]" *Egbert*, 596 U.S. at 491 (internal citation, quotation marks, and quoted authority omitted). "At bottom, creating a cause of action is a legislative endeavor." *Id.* "Courts engaged in that unenviable task must evaluate a range of policy considerations at least as broad as the range a legislature would consider." *Id.* (alterations, internal quotation marks, and quoted authority omitted). "Those factors include economic and governmental concerns, administrative costs, and the impact on governmental operations systemwide." *Id.* (internal quotation

11

marks and quoted authority omitted). "Unsurprisingly, Congress is far more competent than the Judiciary to weigh such policy considerations." *Id.* (internal quotation marks and quoted authority omitted). "And the Judiciary's authority to do so at all is, at best, uncertain." *Id.*

"Nonetheless, rather than dispense with *Bivens* altogether, [the Supreme Court has] emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Id.* (internal quotation marks and quoted authority omitted). "When asked to imply a *Bivens* action, [the] watchword is caution." *Id.* (internal quotation marks and quoted authority omitted). "If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, the courts must refrain from creating it." *Id.* (alterations and quoted authority omitted). "Even a single sound reason to defer to Congress is enough to require a court to refrain from creating such a remedy." *Id.* (alteration, internal quotation marks, and quoted authority omitted). "Put another way, the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?" *Id.* at 491–92 (internal quotation marks and quoted authority omitted). "If there is a rational reason to think that the answer is 'Congress'— as it will be in most every case—no *Bivens* action may lie." *Id.* at 492 (internal citation omitted).

The Supreme Court has "framed" the analysis of a proposed *Bivens* claim "as proceeding in two steps." *Id.* "First, [the Court] ask[s] whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action." *Id.* (alteration, internal quotation marks, and quoted authority omitted). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are special

factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (internal quotation marks and quoted authority omitted). "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* (internal quotation marks and quoted authority omitted). "While [the] cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.*

"[A] court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Id.* at 493 (internal quotation marks and quoted authority omitted). "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* (internal quotation marks and quoted authority omitted). "[T]he relevant question is not whether a *Bivens* action would disrupt a remedial scheme, or whether the court should provide for a wrong that would otherwise go unredressed." *Id.* (alteration, internal quotation marks, and quoted authority omitted). "Nor does it matter that existing remedies do not provide complete relief." *Id.* (internal quotation marks and quoted authority omitted). "Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy." *Id.* (internal quotation marks and quoted authority omitted).

Courts of appeals that have considered whether a plaintiff may sue a VA employee under *Bivens* for damages caused by the VA employee's alleged unconstitutional actions or inactions in the context of a benefits claim have

13

held that the plaintiff may not. *See Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009); *Thomas v. Principi*, 394 F.3d 970, 975–76 (D.C. Cir. 2005); *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995); *Zuspann*, 60 F.3d at 1161; *Sugrue*, 26 F.3d at 12–13; *Waksmundski v. Williams*, 727 F. App'x 818, 820–21 (6th Cir. 2018). The Fifth Circuit provided this rationale:

> [N]o *Bivens* remedy exists against VA employees. Special factors counsel hesitation to create a *Bivens* remedy[.] This is a situation in which Congress has set up an elaborate remedial structure; the administrative process created by Congress provides for a comprehensive review of veterans' benefits disputes. Further, Congress has explicitly precluded judicial review of veterans' benefits disputes, which suggests that Congress'[s] failure to create a remedy against individual VA employees was not an oversight.

*Zuspann*, 60 F.3d at 1161 (internal footnote, quotation marks, and quoted authority omitted); *see also Cheves*, 227 F. Supp. 2d at 1247 ("This Court agrees with the circuit courts that have held that the comprehensive remedial structure of the [Veterans' Judicial Review Act] precludes *Bivens* actions against VA officials."); *Hutchison v. United States*, No. 3:15-cv-890-MMH-MCR, 2016 WL 7173886, at *3 (M.D. Fla. May 12, 2016) ("[T]he comprehensive remedial structure of the [Veterans' Judicial Review Act] precludes *Bivens* actions against VA officials."), *report and recommendation adopted*, No. 3:15-cv-890-MMH-MCR, 2016 WL 7157561 (M.D. Fla. Dec. 8, 2016); *Abdullah v. Gibbard*, No. 3:06-cv-275-VMC-MCR, 2007 WL 2412896, at *2 (M.D. Fla. Aug. 21, 2007) ("[The plaintiff]'s complaint brings only a *Bivens* claim against the [VA] employees in their individual capacities. No such *Bivens* claim exists, and the Court declines to create one.").[7]

---

[7] The plaintiff here was the plaintiff in *Abdullah*, No. 3:06-cv-275-VMC-MCR, and therefore should be familiar with this law.

14

Under that persuasive rationale, no *Bivens* claim is available to the plaintiff against the director in her personal capacity.

## III. Amendment

If "a more carefully drafted complaint might state a claim," a court must give a plaintiff proceeding without a lawyer "at least one chance to amend the complaint before … dismiss[ing] the action with prejudice." *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (internal quotation marks and quoted authority omitted). But dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Leave to amend would be futile if "the complaint as amended would still be properly dismissed." *Id.*

Leave to amend is unwarranted, and dismissal with prejudice of any *Bivens* claim is appropriate, because any amendment would be futile.

## IV. Recommendation

The undersigned **recommends** (1) **dismissing without prejudice**, for want of subject-matter jurisdiction, any claim challenging a finding or conclusion about VA benefits or any decision in the course of making a VA benefits determination; (2) **dismissing with prejudice** any *Bivens* claim against the director in her personal capacity; and (3) **directing** the clerk to close the file.

## V. Objections and Responses

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

Any objection to this report and recommendation must be served and filed by **December 5, 2025**.

**Entered** in Jacksonville, Florida, on November 21, 2025.

Patricia D. Barksdale
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard

Hakim Abdullah
P.O. Box 364
Jacksonville, FL 32201