UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAKIM ABDULLAH,

    Plaintiff,

v.                              Case No. 3:25-cv-617-MMH-PDB

DEPARTMENT OF VETERANS
AFFAIRS, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 6; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on November 21, 2025. In the Report, the Magistrate Judge recommends dismissing without prejudice, for lack of subject matter jurisdiction, any claim challenging a finding or conclusion about VA benefits or any decision in the course of making a VA benefits determination; and dismissing, with prejudice, any Bivens claim against the director in her personal capacity. See Report at 15.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

On December 5, 2025, Plaintiff filed his objection to the Report. See Plaintiff's Objection to Dismissal of Complaint (Dkt. No. 7; Objection). In the Objection, Plaintiff fails to identify any error in the Magistrate Judge's legal analysis, and the undersigned independently discerns none. As such, the

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 15-16.

Court will overrule the Objection and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objection to Dismissal of Complaint (Dkt. No. 7) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 6) is **ADOPTED** as the opinion of the Court.

3. Any claim challenging a finding or conclusion about VA benefits or any decision in the course of making a VA benefits determination is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

4. Any Bivens claim against the director in her personal capacity is **DISMISSED with prejudice**.

5. The Clerk of Court is directed to enter judgment in accordance with this Order, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 11th day of December, 2025.

*MARCIA MORALES HOWARD*
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party